UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PARRISH CHASE           :
                        :
    v.                  :   C.A. No. 11-586ML
                        :
LINCOLN CHAFEE, et al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff, Parrish Chase, is an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. In 2000, a Superior Court grand jury indicted Plaintiff on two counts of first-degree murder after Plaintiff stabbed two men to death in Woonsocket. State v. Chase, 9 A.3d 1248, 1250 (R.I. 2010). Pursuant to a plea agreement, Plaintiff pled guilty in 2004 to two reduced charges of diminished capacity manslaughter. Id. The plea agreement resulted from medical expert reports indicating that Plaintiff's ingestion of alcohol and prescription drugs "rendered him unable to form the requisite intent to commit murder." Id. at 1251. Plaintiff was sentenced to and is currently serving two consecutive thirty-year sentences for each count – with thirty years to serve and thirty years suspended with probation. Id.

On December 1, 2011, Plaintiff initiated this action under 42 U.S.C. §§ 1983 and 1985 and numerous other state and federal statutes, constitutional provisions and common law theories of recovery. (Document No. 1 at pp. 3-4).¹ Plaintiff alleges that forty-eight named defendants

---

¹ While this is Plaintiff's first "new" case filed in this Court, Plaintiff previously made unsuccessful attempts in 2009 and 2010 to intervene in and reopen a previously settled and closed class action pursued by ACI inmates regarding prison overcrowding and conditions of confinement. See Palmigiano v. Sundlun, C.A. No. 1:74-cv-00172L (D.R.I.).

violated his civil and other legal rights. Id. at p. 4. Plaintiff is proceeding pro se. His Complaint is handwritten consisting of over 600 paragraphs and 246 mostly handwritten pages and includes 76 discrete claims, each brought against one or more of the numerous defendants. His Complaint is accompanied by 110 exhibits. Plaintiff seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (Document No. 2). Both his IFP Motion and pro se Complaint have been referred to me for preliminary review under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Standard of Review**

In connection with proceedings in forma pauperis, Section 1915(e)(2), 28 U.S.C., directs the Court to dismiss a case at any time if the Court determines that the action is, inter alia, frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, Section 1915A, 28 U.S.C., directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). Section 1915A is part of the Prison Litigation Reform Act ("PLRA") and was enacted by Congress to curtail meritless prisoner suits. See Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 345-346 (D.N.J. 2003) (citing Santana v. United States, 98 F.3d 752, 755 (3rd Cir. 1996)).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim lacks an arguable basis in fact when the facts alleged are "irrational or wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations" when such factual

allegations describe "fantastic or delusional scenarios"). Although the Court must review the evidence and draw all reasonable inferences in Plaintiff's favor when screening a case under 28 U.S.C. § 1915A, the Court is not required to accept "factual contentions that are irrational, delusional, or wholly incredible." Laurence v. Wall, C.A. No. 09-427ML, 2009 WL 4780910 at *3 (D.R.I. Dec. 10, 2009).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used for ruling on a 12(b)(6) motion. See Pelumi v. Landry, No. 08-107, 2008 WL 2660968 at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Denton, 504 U.S. at 33. Further, the Court must review pleadings of a pro se plaintiff liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To state a claim on which relief may be granted, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citation omitted); Fed. R. Civ. P. 8(a)(2).

**Discussion**

This is exactly the type of case and litigant that Congress had in mind when it enacted the PLRA's screening requirement. Plaintiff is serving a lengthy sentence for manslaughter. He is indigent, so he qualifies financially for in forma pauperis status, i.e., excusal from prepayment of the civil case filing fee. He has plenty of time on his hands to prepare court filings and no

economic or other disincentive from filing frivolous and/or harassing lawsuits. He is primarily suing prison staff and state officials including Parole Board Members.

The length of Plaintiff's pro se Complaint and the number of individual parties and discrete claims pursued by Plaintiff directly implicates Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. "The statement should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it." Laurence v. Wall, No. CA 07-066ML; 2007 WL 1875795 at *1 (D.R.I. June 27, 2007) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1281 at 709 (3d ed. 2004)). Further, since the primary purpose of the complaint is fair notice to the adversary and not absolute proof, Rule 8(d)(1) provides that the allegations in a complaint must be "simple, concise, and direct." Id. (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988)). Rule 18(a) permits a plaintiff to bring multiple claims against a defendant in a single action. However, "it does not permit the joinder of unrelated claims against different defendants." Spencer v. Bender, No. CA 08-11528-RGS; 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Finally, Rule 20 governs the permissive joinder of multiple parties in a single complaint. In particular, Rule 20(a)(2) provides that separate persons or entities may be joined in one complaint as defendants if there is a claim "asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

In addition to these procedural requirements, the length and structure of Plaintiff's Complaint also implicates the PLRA. First, the PLRA does not entirely excuse a prisoner litigant from the $350.00 civil case filing fee but rather requires an initial partial filing fee and subsequent installments dependent on the amount of the balance in the prisoner's institutional account until the filing fee is paid in full. See 28 U.S.C. § 1915(b). Thus, by including multiple claims in a single lawsuit, a prisoner may improperly attempt to reduce his liability for case filing fees. See George v. Smith, 507 F.3d at 607. Second, the PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g). Thus, by including multiple claims in a single suit, a prisoner may improperly attempt to bypass the three-strikes rule by arguing that the entire suit could only result in a single strike if one or more claims are dismissed. See George v. Smith, 507 F.3d at 607-608.

Here, Plaintiff brings seventy-six claims against forty-eight defendants on a variety of topics. He sues inter alia, the Governor; the Director of Corrections; the Director of the ACLU; the ACLU lawyer who appeared as class counsel in the Palmigiano case (C.A. No. 74-172L); the ACI commissary contractor and its site manager; the State Criminal Justice Oversight Committee and its members; current and former employees of the State Department of Administration; the State Parole Board, its Administrator and members; various DOC directors, administrators, medical staff, wardens, investigators and correctional officers; and the State

Superior Court Clerk and his Office. Plaintiff's distinct legal claims are numerous and varied.

The "Introduction" in Plaintiff's Complaint describes his lawsuit as follows:

> Mr. Chase presents several claims against various state agents acting under the color of law, **spanning several years**. They are **independent actions** against prior settlements and decrees, alleging breaches of contract and, or contempt of court, attorney malpractice; and various forms of unauthorized governmental 'takings' of property. All of these claims are intertwined with an overall denial of 'Access to Court' claim; some of which are 'backward looking' where it is now either time barred or the earlier filings were outright denied; some are presently frustrated and impeded; while others, such as Mr. Chase's federal habeas for criminal post-conviction-relief is in imminent danger of expiring its one year time limit, or is already lost.

Document No. 1 at p. 24. (emphasis added).

Plaintiff alleges (1) inadequacy of the prison law library and related resources;[2] (2) the State's noncompliance within the settlement agreement regarding the prison law library and legal assistance in DeFusco v. Southworth, C.A. No. 77-83L, and Souza v. Vose, C.A. No. 85-110L; (3) the State's repudiation of the settlement agreement regarding prison population and conditions in Palmigiano v. Sundlun, C.A. No. 74-172L; (4) attorney malpractice by ACLU class counsel in the DeFusco and Palmigiano cases; (5) breach of contract, price gouging and involuntary servitude against the ACI's private commissary contractor, Keefe Commissary Network; (6) medical negligence and deliberate indifference in dental care; (7) inadequate clothing; (8) medical negligence and deliberate indifference in medical care of his neck and arm

---

[2] Although Plaintiff does not describe this action as a habeas corpus petition under 28 U.S.C. § 2254 and does not allege exhaustion of state remedies, he contends that the denial of adequate legal resources has prevented him from pursuing a § 2254 petition and that he is suffering "imminent habeas injury." (Document No. 1-1 at p. 13). He asks the Court to "toll the one year limit [for filing] under 28 U.S.C. § 2254." Id. at p. 14.

pain; (9) various governmental takings including medical co-pays, phantom medical charges, retention of interest on custodial accounts and wristwatch confiscation; (10) improper denial of parole and prisoner classification; and (11) various forms of retaliation for grievance filing activity.

Plaintiff's Complaint is procedurally defective, and I recommend that it be DISMISSED WITHOUT PREJUDICE. First, it plainly violates Rule 8's admonitions that pleadings should contain a "short and plain statement of the claim" and be "simple, concise, and direct." Second, it plainly violates the joinder principles of Rules 18 and 20. Plaintiff seeks to join forty-eight defendants and pursue seventy-six distinct claims against them in a single suit. Also, Plaintiff is not asserting all seventy-six claims against all forty-eight defendants. Rather, each claim is brought only against one or several particular defendants. The Rules simply do not allow "the joinder of unrelated claims against different defendants." Spencer v. Bender, 2010 WL 1740957 at *2; see also George v. Smith, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees – for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Here, my review of Plaintiff's Complaint clearly establishes that Plaintiff's claims against the forty-eight defendants do not factually arise from a common "transaction, occurrence, or series of transactions or occurrences" and will not involve universally common questions of law or fact. See Rule 20(a)(2), Fed. R. Civ. P. Since this Court would not accept this type of "omnibus" pleading of unrelated claims from a lawyer or

non-prisoner pro se litigant, it should not be accepted from this prisoner litigant. Thus, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. I do not recommend that Plaintiff be given leave to amend because the joinder deficiencies identified herein are not remediable in this lawsuit because "unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d at 607.

**Conclusion**

After a thorough and exhaustive review of this Complaint, I conclude that Plaintiff's Complaint is procedurally improper for the reasons discussed herein. Thus, I recommend that Plaintiff's Complaint in this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 9, 2011